**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DWIGHT HORTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-272-JWD-EWD** |
| **RICKEY DEAN FISHER,**<br>**TRAVELERS INSURANCE COMPANY,**<br>**TRANSPORT RISK SOLUTIONS**<br>**RISK RETENTION GROUP, LLC,**<br>**ST. PAUL FIRE & MARINE**<br>**INSURANCE COMPANY, AND KLLM**<br>**TRANSPORT SERVICES, LLC** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Dwight Horton ("Plaintiff") based upon the injuries he allegedly sustained on December 7, 2017 in a motor vehicle accident that occurred in Iberville Parish, Louisiana when Horton was allegedly forced off of the road by an 18-wheeler[1] driven by Defendant Rickey Dean Fisher ("Fisher") and owned by Fisher's employer, KLLM Transport Services, LLC ("KLLM") (the "Accident").[2] On December 5, 2018, Plaintiff filed his Petition for Personal Injuries and Damages ("Petition") against Fisher, KLLM, and the insurers of the vehicle, Travelers Insurance Company ("Travelers"), Transport Risk Solutions Risk Retention Group, LLC ("Transport Risk"), and St. Paul Fire & Marine Insurance Company ("St. Paul"), in the Eighteenth Judicial District Court for the Parish Iberville. In the Petition, Plaintiff alleges that he suffered personal injuries due to Fisher's negligence in causing the Accident, including crashing head-on into a tree.[3] Plaintiff also alleges that KLLM is

---

[1] R. Doc. 1-6, p. 2.
[2] R. Doc. 1-4, ¶¶ 4-6, 8.
[3] R. Doc. 1-4, ¶¶ 1-2, 4, 11-12.

vicariously liable for Fisher's misconduct because Fisher was in the course and scope of his employment at the time of the Accident and that all Defendants are jointly liable to Plaintiff.[4]

On May 3, 2019, Defendants Transport Risk and KLLM (collectively, "Removing Defendants")[5] removed the matter to this Court, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] However, Removing Defendants have not shown that complete diversity exists or that the amount in controversy is met because their allegations are deficient, as set forth below.

*Citizenship of the Corporate Defendants*

The Notice of Removal makes the following allegations regarding the citizenship of the parties:

> 12) Plaintiff, Dwight Horton, is a person of full age of majority and is a Louisiana citizen.
>
> 13) Defendant, Rickey Dean Fisher, is a person of full age of majority who is domiciled in and a citizen of Oklahoma City, in the State of Oklahoma.
>
> 14) Defendant, Travelers Insurance Company, a foreign corporation, with its domiciliary address at One Tower Square, Hartford, Connecticut 06183, and who is considered a citizen of the State of Connecticut.
>
> 15) Defendant, Transport Risk Solutions Risk Retention Group, LLC, a foreign insurance corporation, with a domiciliary address of 146 Fairchild

---

[4] R. Doc. 1-4, ¶¶ 2, 6, 8-10.
[5] Removing Defendants assert that there is no record of service on Fisher and St. Paul, but that Travelers was served on December 19, 2018. R. Doc. 1, ¶¶ 2-3, 5, 20-21, 23. Removing Defendants aver that they "have made their best efforts to obtain consent of all other defendants in this matter for the filing of the removal of this matter…." *Id.* at ¶ 28.
[6] R. Doc. 1, ¶¶ 18-19, 27.

Street, Suite 135, Charleston, South Carolina, and who is considered a citizen of the State of South Carolina.

16) Defendant, St. Paul Fire & Marine Insurance Company, a foreign corporation whose domiciliary address is One Two Square, Hartford Connecticut 06103, and who is considered a citizen of the State of Connecticut.

17) Defendant, KLLM Transport Services, LLC, a foreign corporation whose domiciliary address is 1755 Wittington Place, Suite 300, Dallas, Texas 75234, and who is considered a citizen of the State of Texas.[7]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship has been adequately alleged as to Plaintiff and Defendant Fisher.[8] However, citizenship has not been adequately alleged with respect to any of the remaining Defendants in the Notice of Removal.

As set forth above, Travelers and St. Paul are each alleged to be "a citizen of the State of Connecticut," with a "domiciliary address" in Connecticut.[9] However, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."[10] Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c). Removing Defendants' citizenship allegations as to Travelers and St. Paul are deficient because they fail to identify Travelers' and St. Paul's places of incorporation and principal places

---

[7] R. Doc. 1, ¶¶ 12-17 *and see* ¶¶ 1-6.
[8] R. Doc. 1, ¶¶ 12-13 *and see* ¶¶ 1-2 (asserting Plaintiff is a citizen of Louisiana and Fisher is a citizen of Oklahoma).
[9] R. Doc. 1, ¶¶ 14, 16.
[10] 28 U.S.C. § 1332(c). *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

3

of business (even to the extent Defendants intend the "domiciliary address" to be one or the other of those). Removing Defendants must properly identify Travelers' and St. Paul's citizenship, *i.e.*, identify their places of incorporation and principal places of business.

Next, the name of Transport Risk is pled as "Transport Risk Solutions Risk Retention Group, **LLC**"; however, Removing Defendants assert that Transport Risk is a "foreign insurance corporation" "who is considered a citizen of the State of South Carolina" and has a "domiciliary address" in South Carolina.[11] Likewise, the name of KLLM is pled as "KLLM Transport Services, **LLC**"; however, Removing Defendants assert that KLLM is "a foreign corporation" "who is considered a citizen of the State of Texas" with a "domiciliary address" in Texas.[12] It is thus unclear whether Transport Risk and KLLM are limited liability companies or corporations. If they are corporations, then Removing Defendants must plead both their places of incorporation and their principal places of business, *see* the discussion above. However, if they are actually limited liability companies (as their names suggest), then for purposes of diversity, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[13] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. [14]

---

[11] R. Doc. 1, ¶¶ 4, 15 (emphasis added).
[12] R. Doc. 1, ¶¶ 6, 17 (emphasis added).
[13] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[14] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

*Amount in Controversy*

Proper information regarding the amount in controversy is also necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. It is not clear from the Notice of Removal, Petition, and exhibits attached thereto whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs.[15] Defendants acknowledge that Plaintiff's Petition does not state the amount of damages that Plaintiff seeks but rely on Plaintiff's assertion in his Petition that he "has a good faith belief that damages exceed $50,000."[16] Plaintiff's assertion was likely made to establish that the threshold for a jury trial in the state court was met, and the presence of that statement in light of Plaintiff's omission of a concomitant La. C.C.P. art. 893(A)(1) stipulation that his damages do not exceed the federal minimum is some evidence that the amount in controversy may be met; standing alone, however, Plaintiff's assertion that his damages exceed $50,000 is not dispositive,[17] particularly considering Plaintiff's related responses to discovery, which are discussed below.

Turning to the substantive allegations in the Petition, there is no information regarding the actual injuries Plaintiff allegedly sustained as result of the Accident. Rather, Plaintiff only generally alleges he "sustained personal injuries, which resulted from a head-on collision" and that he "crash[ed] into a tree."[18] These general allegations, without more, are insufficient to establish the amount in controversy, as there is no indication of the type of injuries Plaintiff sustained, the permanence of Plaintiff's injuries, whether Plaintiff has sought treatment for the injuries, the amount of Plaintiff's lost wages, etc. Plaintiff also seeks damages for past, present, and future:

---

[15] *See* 28 U.S.C. §1332(a).
[16] R. Doc. 1, ¶ 8 and R. Doc. 1-4, ¶ 14.
[17] See*, e.g., Raborn v. Con-Way Truckload, Inc.,* No. 15-2969, 2015 WL 6738599, at *3 (E.D. La. Nov. 4, 2015).
[18] R. Doc. 1-4, ¶¶ 4, 6.

pain and suffering, mental anguish, medical expenses, loss of earning capacity, loss of enjoyment of life, and disability, as well as costs and interest.[19] However, "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[20]

The Notice of Removal, which incorporates Plaintiff's responses to discovery,[21] provides some helpful information but it still fails to establish that the amount in controversy is met. Specifically, Defendants assert that Plaintiff's April 11, 2019 responses to discovery show that Plaintiff seeks more than $75,000 in damages because Plaintiff stated that he has $25,390[22] in past medical expenses, and Plaintiff's medical records show that he has three bulging discs[23] and has received injections, branch blocks, and radio frequency ablation.[24] However, general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections.[25] Furthermore, there

---

[19] R. Doc. 1-4, ¶¶ 2, 4, 6, 12, 15-16.
[20] *Davis v. JK & T Wings, Inc.,* No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[21] While not pointed out by Removing Defendants, Plaintiff's discovery responses indicate that Plaintiff generally claims injuries to his "Lower back, mid back, and neck" and has sought treatment with Total Care Injury & Pain Center and Louisiana Medical Center. R. Doc. 1-6, p. 3.
[22] Removing Defendants assert that the total is $22,390; however, Plaintiff's response to Request No. 11 indicates that the figure is $25,390. *Compare* R. Doc. 1, ¶ 11 to R. Doc. 1-6, p. 11.
[23] R. Doc. 1, ¶¶ 11, 26. However, Plaintiff's medical records appear to indicate that Plaintiff may have four bulging discs. *See* R. Doc. 1-6, p. 14.
[24] R. Doc. 1, ¶¶ 11, 26 *citing* R. Doc. 1-6, p. 11 and R. Doc. 1-6, pp. 13-18.
[25] *Cole v. Mesilla Valley Transportation,* No. 16-841, 2017 WL 1682561, at *5 (M.D. La. Mar. 15, 2017), *report and recommendation adopted,* No. 16-841, 2017 WL 1684515 (M.D. La. May 1, 2017) *citing Clement v. Carbon*, 13-827 (La. App. 5 Cir. 4/9/14), 153 So.3d 460, 464 (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, 09-1233 (La. App. 4 Cir. 4/14/10), 37 So.3d 1054, 1062 (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years); *Mixter v. Wilson*, 10-464 (La. App. 5 Cir. 12/14/10), 54 So.3d 1164, 1169 (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, 41,187 (La. App. 2 Cir. 6/28/06), 935 So.2d 758, 763 (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, 04-1415 (La. App. 5 Cir. 3/29/05), 900 So.2d 1014, 1019 (affirming general damages award of $15,000 for two bulging discs); *Orillac v.*

is no indication that surgery has been recommended for Plaintiff,[26] the degree of permanence of Plaintiff's injuries, or whether Plaintiff is working/can work.[27] Additionally, Plaintiff's response to Removing Defendants' Request for Admission of whether Plaintiff admits that the good faith amount in dispute between the parties exceeds the jurisdictional minimum was that Plaintiff "Can not answer at this time."[28] It is not clear from this response whether Plaintiff cannot answer because he does not believe his damages exceed $75,000 or because he does not know.[29] Regardless, a Plaintiff's refusal to stipulate his damages are below the federal jurisdictional minimum, while it may be considered, is not determinative of whether the amount in controversy is met.[30] Based on the foregoing and taken as a whole, it is not apparent from either the Notice of Removal or the Petition whether Plaintiff's claims are likely to exceed $75,000, exclusive of interest and costs.

---

*Solomon*, 33,701 (La. App. 2 Cir. 8/23/00), 765 So.2d 1185, 1190 (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs and slight encroachment between vertebra); *but see Locke v. Young*, 42,703 (La. App. 2 Cir. 12/12/07), 973 So.2d 831, 847 (reducing award of $150,000 in general damages award for two bulging discs to $75,000).

[26] Defendants' authority, *Parker v. Delta Well Surveyors, Inc.*, 00-1121 (La. App. 4 Cir. 5/2/01), 791 So.2d 717, is distinguishable, as the plaintiff in *Parker* had two surgeries that arose out of his injuries at issue therein, as well as other types of injuries, *e.g*., to head, back, right leg, right knee, rectal region, and prostate, for which multiple medical providers provided treatment. *Id.* at. 719.

[27] Plaintiff's purported economic losses resulting from the Accident are "[u]nknown at this time." R. Doc. 1-6, p. 6.

[28] R. Doc. 1-6, p. 1. Plaintiff also stated in his interrogatory responses that the amount and type of damages that he sustained in the Accident are "[u]nknown at this time." *Id.* at. p. 21.

[29] Other discovery responses would suggest the latter. *See e.g*., "**INTERROGATORY NO. 15**: Please itemize and describe any financial or economic losses which you have sustained or will sustain as a result of the accident which is the subject of this litigation. **ANSWER TO INTERROGATORY NO. 15**: Unknown at this time but plaintiff reserve [sic] the right to answer at a later date." R. Doc. 1-6, p. 6. *See also*, **INTERROGATORY NO. 21**: Please itemize, with specificity, the amount and type of damages which you claim to have sustained as a result of the incident which is the subject of this lawsuit, which is the subject of this lawsuit [sic]. **ANSWER TO INTERROGATORY NO. 21**: Unknown at this time but plaintiff reserve [sic] the right to answer at a later date. R. Doc. 1-6, p. 7.

[30] *See Cole,* 2017 WL 1682561, at *6 ("Finally, the record indicates that Plaintiffs refused to stipulate prior to removal that each of the Plaintiffs' claims did not exceed the jurisdictional amount. (R. Doc. 7-4). Plaintiffs did not have a legal obligation to sign such a stipulation 'and, therefore, [their] refusal to do so cannot [alone] be considered proof by a preponderance of the evidence that the case is worth more than $75,000.'"). *See also*, *Lipford v. Boehringer Ingelheim Pharm., Inc.*, No. 13-2858, 2014 WL 458359, at *5 (W.D. La. Feb. 4, 2014) (Such a refusal "is but one factor for the court to consider."); *and Lee v. Dillon*, No. 12-1413, 2012 WL 3263882, at *3 (W.D. La. Aug. 8, 2012) ("While not conclusive, the court does afford some weight to Plaintiff's refusal to stipulate.").

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[31]

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **May 16, 2019**, Defendants KLLM Transport Services, LLC ("KLLM") and Transport Risk Solutions Risk Retention Group, LLC shall file a motion to substitute their Notice of Removal[32] with a proposed pleading that is a comprehensive amended Notice of Removal (*i.e.*, includes all of Removing Defendants' numbered allegations, as revised, supplemented, and/or amended), which adequately alleges the citizenship of all parties to establish that the Court has diversity jurisdiction over the case and which will become the operative Notice of Removal in this matter without reference to any other document in the record.

**IT IS FURTHER ORDERED** that on or before **May 23, 2019**, Removing Defendants shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **June 6, 2019**, Plaintiff Dwight Horton shall file either: (1) a Notice stating that Plaintiff does not dispute that Removing Defendants have established the jurisdictional requirements of 28 U.S.C. § 1332; or (2) a Motion to Remand.

---

[31] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[32] R. Doc. 1.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on May 9, 2019.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**